**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jack Randall Moore, Appellant.

Appellate Case No. 2015-000907

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2016-UP-459
Submitted September 1, 2016 – Filed November 9, 2016

**AFFIRMED**

Oscar W. Bannister, of Bannister, Wyatt & Stalvey, LLC, of Greenville, for Appellant.

Charles J. Hodge, of Hodge & Langley Law Firm, PC, of Spartanburg, for Respondent.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the [circuit] court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when

the conclusions of the [circuit] court either lack evidentiary support or are controlled by an error of law."); Rule 801(d)(1), SCRE ("A statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony . . . ."); *Wright v. Hiester Constr. Co.*, 389 S.C. 504, 520, 698 S.E.2d 822, 831 (Ct. App. 2010) ("[T]he South Carolina Rules of Evidence contemplate that use of a prior inconsistent statement for impeachment purposes is permitted only when the proponent is seeking to impeach a declarant who has testified at trial inconsistently with the prior statement.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.